An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

VICTOR TORRES-MEJIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67023

**FILED**

OCT 16 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of trafficking in a controlled substance. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Victor Torres-Mejia argues that the district court violated his Sixth Amendment right to counsel of choice when it refused to grant a continuance at calendar call so that Torres-Mejia could substitute retained counsel in place of appointed counsel. We disagree.

While a defendant has a right to counsel of his choice under the Sixth Amendment, this right must be balanced against the needs of fairness and demands of the court's calendar. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006); *Patterson v. State*, 129 Nev., Adv. Op. 17, 298 P.3d 433, 438 (2013). The district court has discretion to deny a request for substitution of retained counsel when the substitution "'was untimely and would result in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case.'" *Patterson*, 129 Nev., Adv. Op. 17, 298 P.3d at 438 (quoting *People v. Lara*, 103 Cal. Rptr. 2d 201, 211-12 (Cal. Ct. App. 2001) (internal quotation marks omitted)). "[O]nly an unreasoning and arbitrary 'insistence upon

expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

Here, Torres-Mejia informed the district court a week before trial that he had retained private counsel who would not be available to represent him on the scheduled trial date. The district court briefly discussed the possibility of substitution and a continuance but, citing the lengthy delay that had already taken place and the fact that Torres-Mejia had already been represented by three different attorneys, refused to continue the trial. The record supports the district court's decision, as the trial had been continued on multiple occasions at the defense's request and Torres-Mejia had ample time to retain private counsel during the 17-month period between the date he was charged and the date of trial.[1] Further, we conclude that the district court's inquiry was adequate under the circumstances, *see Patterson*, 129 Nev., Adv. Op. 17, 298 P.3d at 438-39, and the district court did not abuse its discretion in this regard, *see Morris*, 461 U.S. at 11-12.

Torres-Mejia also argues that he was forced to enter into a guilty plea based on the deprivation of his right to counsel of choice and that the district court should have allowed him to withdraw his guilty plea on this basis. Because we conclude that Torres-Mejia was not deprived of

---

[1]The district court had informed Torres-Mejia months earlier, after he expressed dissatisfaction with appointed counsel, that he could retain private counsel at his own expense, but he did not do so until shortly before trial.

his Sixth Amendment right to counsel of choice, Torres-Mejia's challenge to the validity of his guilty plea necessarily fails. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Michael Villani, District Judge
Wright Stanish & Winckler
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A